UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SAFRON HUOT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   1:17-cv-263-NT |
| | ) |
| MONTANA STATE DEPARMENT | ) |
| OF CHILD AND FAMILY SERVICES, | ) |
| et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Safron Huot, a citizen of Montana, asserts certain claims that evidently arise out of child custody matters conducted in Montana state courts, against several defendants who are all either agencies of the State of Montana or Montana citizens. (Complaint, ECF No. 1.)  In a document entitled "Notice of Service," Plaintiff represents that she has filed the complaint in a federal district court in every state, including the District of Montana.[1]  (ECF No. 1-1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 6.)  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

---

[1] A PACER search reveals that the same action is pending in the District of Montana. *Huot v. Mont. State Dep't of Child and Fam. Servs.*, No. 2:17-cv-00045 (D. Mt.).

## DISCUSSION

In accordance with 28 U.S.C. § 1406(a), this action is subject to dismissal for improper venue.

Pursuant to 28 U.S.C. § 1391(b):

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Given Plaintiff's residence, the residences of the defendants, and the subject matter of the complaint, to the extent Plaintiff asserts an actionable claim within the federal court's jurisdiction, the proper venue for Plaintiff's action is the District of Montana.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Because the action is already pending in Montana, transfer would serve no purpose. Accordingly, dismissal is appropriate.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. §§ 1391(b), 1406(a), and 1915(e)(2), I recommend the Court dismiss the action without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of July, 2017.